UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

UNIVERSIDAD DE LAS CALIFORNIAS, S.C., :
:
                    Plaintiff, :
:
           -against- :
: 06 Civ. 5859 (RMB)
MAYFAIR ADVISORS, LTD., MARK :
KINGSBURY GUMBEL a/k/a MARK :
GUMBEL KINGSBURY a/k/a MARK : **ORDER**
GUMBEL, D. ANDREW MARSHALL :
a/k/a DARRELL ANDREW MARSHALL, :
SIMON KING, PETER RUDMAN, and :
JOHN DOES 1-100, :
:
                    Defendants. :

------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/07/07

      Universidad De Las Californias, S.C. ("Plaintiff"), a Mexican university, filed a complaint on August 2, 2006 and an amended complaint on December 19, 2006 ("Complaint") against Mayfair Advisors, Ltd. ("Mayfair"), Mark Kingsbury Gumbel a/k/a Mark Gumbel Kingsbury a/k/a Mark Gumbel ("Gumbel"), D. Andrew Marshall a/k/a Darrell Andrew Marshall ("Marshall"), Simon King ("King"), Peter Rudman ("Rudman"), and "John Does 1 through 100" (together, "Defendants"), alleging that Defendants unlawfully failed to arrange a loan of $5 million to Plaintiff and that Defendants have refused to fund the loan or to return the $75,000 escrow amount paid by Plaintiff. (Compl. ¶¶ 1-9.) Plaintiff asserted claims for fraud, conspiracy to commit fraud, unfair business practices under New York General Business Law ("G.B.L.") § 349, mail fraud and wire fraud in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c), unjust enrichment, intentional interference with contractual relations, negligent misrepresentation, and breach of contract ("Breach of Contract Claim"). (Compl. ¶¶ 27-66.)

In an Order, dated April 6, 2007, the Court granted Defendants' motion to dismiss, "with prejudice," under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), all claims other than the Plaintiff's Breach of Contract Claim. (Order, dated April 6, 2007.)

In anticipation of the trial of this action (which was scheduled for September 10, 2007), on August 9, 2007, Defendants submitted joint "in limine" motions [Docket No. 46], requesting relief on four grounds. (See Defendants' Joint Memorandum of Law, dated Aug. 9, 2007 ("Def. Mem.").) Plaintiff opposed Defendants' motions on August 23, 2007 ("Pl. Mem."), and Defendants submitted a reply brief on August 30, 2007 ("Def. Reply").

The in limine motions are resolved as follows:

1)  Defendants move for dismissal of the action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction "because the amount in controversy does not exceed $75,000 exclusive of interest and costs." (Def. Mem. at 5.) Plaintiff counters that it "has met the jurisdictional minimum requirements" because in addition to the $75,000 wire transfer, Plaintiff also seeks recovery of $417.17 "in fees to the Mexican bank . . . to effectuate the wire transfer." (Pl. Mem. at 5-6.) Defendants' application is denied because, among other reasons, Plaintiff's alleged damages under the Breach of Contract Claim include: (1) $75,000 that Plaintiff allegedly wire transferred to Defendants; and (2) $417.17 incurred by Plaintiff to effectuate the wire transfer, allegedly at the direction of Defendants. (See Declaration of Antonio Carillo Rodriguez, dated Aug. 23, 2007, ¶¶ 14-15.) See also United States Naval Inst. v. Charter Communications, Inc., 936 F.2d 692, 696 (2d Cir. 1991) ("Since the purpose of damages for breach of contract is to compensate the injured party for the loss caused by the breach, those damages are generally measured by plaintiff's actual loss."); Central Coordinates, Inc. v. Morgan Guar. Trust Co., 129 Misc. 2d 804, 806, 494 N.Y.S.2d 602, 604 (Sup. Ct. N.Y. Co. 1985) ("A

bank's failure to transfer funds as requested or in a reasonably prompt manner can result in direct or general damages (e.g. the loss of the funds themselves, the interest thereon and any fee paid for the failed transfer); or consequential or special damages, . . . the profits alleged to have been lost . . . .").

2)      Defendants move for dismissal under Fed. R. Civ. P. 12(b)(6) of Plaintiff's claim for "consequential damages . . . for the loss of a $100,000 contract deposit" because, among other reasons: "[i]n order to recover consequential damages, plaintiff is required to plead that those damages were the natural and probable consequences of the breach, and were contemplated by the parties at the time the contract was executed"; and "it is impossible for plaintiff to meet those pleading requirements, because plaintiff did not enter into the alleged contract with its vendor until at least two months <u>after</u> its contract with defendants were executed." (Def. Mem. at 3.) Plaintiff counters that Defendants "were fully apprised of the specific purpose behind the application of the University for the . . . loan from the defendants . . . before any agreements were executed by the parties." (Pl. Mem. at 8.) Defendants' application is denied because "consequential damages are recoverable if the defendant knows or has reason to know the special circumstances which will give rise to such damages." <u>Compania Anonima Venezolana De Navegacion v. American Express</u>, 1985 WL 1898, at *3 (July 12, 1985). The Complaint alleges, among other things, that Defendants "were aware" that Plaintiff intended to employ the loan funds to purchase certain real property in Mexico, and that Defendants' breach caused Plaintiff to lose a $100,000 "nonrefundable deposit." (<u>See</u> Compl. ¶ 24.) <u>See also</u> <u>Venezolana De Navegacion</u>, 1985 WL 1898, at *4 ("these circumstances certainly raise an issue of material fact as to whether [Defendant] knew or had reason to know of the special circumstances which would entitle [Plaintiff] to recover consequential damages"); <u>Abraham v.</u>

Penn Mut. Life Ins. Co., No. 98 Civ. 6439, 2000 WL 1051848, at *2 (S.D.N.Y. July 31, 2000) (In ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a court "must accept the factual allegations of the complaint as true, and draw all reasonable inferences in favor of the plaintiff.").

3) Defendants move for summary judgment under Fed. R. Civ. P. 56 "dismissing the Complaint as against Defendant Gumbel" because he "did not in his capacity as individual enter into any contract with plaintiff." (Def. Mem. at 6.) Plaintiff counters that, among other things, "[n]one of the[] contractual documents identify Mayfair Advisors, Ltd. as a corporation," and Plaintiff believed that he was "dealing with and ultimately contracting with Mark-Kingsbury Gumbel individually . . . ." (Pl. Mem. at 10-13.) Defendants' application is granted (without prejudice to what Plaintiff may adduce at trial) because Plaintiff has offered no evidence raising a genuine issue of material fact that Gumbel, in his individual capacity, entered into any contract with Plaintiff. See, e.g., Mason Tenders Dist. Council Welfare Fund v. Thomsen Const. Co., 301 F.3d 50, 53 (2d Cir. 2002) ("New York law requires that there be 'clear and explicit evidence' of the defendant's intent to add personal liability to the liability of the entity, where entity liability is established under the agreement.") (citation omitted).

4) Defendants move under Fed. R. Civ. P. 12(f) to strike, "as irrelevant, impertinent and scandalous, and unduly prejudicial to defendants," certain allegations "offered in support of" the claims that were dismissed by the April 6, 2007 Order, i.e., all claims other than the Breach of Contract Claim. (Def. Mem. at 7-8.) Plaintiff responds that, among other things, "courts will usually strike so-called scandalous material only if it is irrelevant and immaterial to the issues in controversy." (Pl. Mem. at 13.) Defendants' application is denied because, among other reasons, the motion is untimely, the Court has already dismissed all but the Breach of Contract

Claim, and the striking of a pleading pursuant to Rule 12(f), "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

Dated: New York, New York
      September 6, 2007

_RMB_
**RICHARD M. BERMAN, U.S.D.J.**